02-11-115-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-11-00115-CR

 

 


 
 
 Jenny Mekell Hazard a/k/a Jenny Mekell Bell
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE 
 
 


 

 

----------

 

FROM THE 355th
District Court OF Hood COUNTY

----------

 

MEMORANDUM
OPINION[1]

----------

 

I. Introduction

          A
jury found Appellant Jenny Mekell Hazard a/k/a Jenny Mekell Bell guilty of possession
of four grams or more but less than 200 hundred grams of methamphetamine and assessed
her punishment at fifteen years’ imprisonment. Hazard appeals, arguing that the
evidence is insufficient to support her conviction.  We will affirm.

II. Factual
and Procedural Background

          The
Hood County Sheriff’s Office received information of drug activity at 4311
Terri Lee Lane in Hood County, Texas.  Hazard and her husband Eddie owned the
home; Hazard’s sister Lana Mann also lived there.  Investigator Roland Smith
used a confidential informant to make a controlled purchase of methamphetamine
at the residence.  The informant purchased approximately two grams of
methamphetamine with $200 in documented bills.  Officers obtained a search
warrant for the house.

When
officers executed the warrant, they found Hazard, Eddie, Mann, Mann’s
boyfriend, and two other individuals in the house.  A search of the house
revealed 27.63 grams of methamphetamine and various drug paraphernalia. Investigator
Smith saw Eddie throw a bag containing pills, a lighter, and a spoon with
residue on it out of the window in the bedroom where officers found Eddie and
Hazard.  In that bedroom, officers found a small baggie of methamphetamine on
top of a microwave, a pill bottle with Hazard’s name on it, and a bag of
syringes.  In Mann’s bedroom, officers found a large quantity of
methamphetamine in a black zippered bag inside a small refrigerator, some used
syringes, a rubber hose, and items used to make and cut methamphetamine.  In
other areas of the home, officers found small baggies with methamphetamine
residue, syringes, glass pipes, spoons containing residue, and digital scales. Officers
located one of the documented $100 bills on Hazard.  Officers could smell the
odor of methamphetamine in the house.

Investigator
James Luckie interviewed Hazard after she was arrested. Hazard admitted to him
that she was under the influence of methamphetamine when the officers entered
her house to execute the search warrant, that she knew methamphetamine was
being sold in her house, and that she had seen people buying and selling
methamphetamine in the house.  Hazard told Investigator Luckie that the house
belonged to her.

Hazard
and Eddie were both charged with possession of the entire amount of
methamphetamine found in the house; Mann and her boyfriend were charged with delivery
of methamphetamine.

III.  Standard
of Review

In
our due-process review of the sufficiency of the evidence to support a
conviction, we view all of the evidence in the light most favorable to the
verdict to determine whether any rational trier of fact could have found the
essential elements of the crime beyond a reasonable doubt.  Jackson v.
Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Isassi v.
State, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010).

This
standard gives full play to the responsibility of the trier of fact to resolve
conflicts in the testimony, to weigh the evidence, and to draw reasonable
inferences from basic facts to ultimate facts.  Jackson, 443 U.S. at
319, 99 S. Ct. at 2789; Isassi, 330 S.W.3d at 638.  The trier of
fact is the sole judge of the weight and credibility of the evidence.  See
Tex. Code Crim. Proc. Ann. art. 38.04 (West 1979); Brown v. State, 270
S.W.3d 564, 568 (Tex. Crim. App. 2008), cert. denied, 129 S. Ct. 2075
(2009).  Thus, when performing an evidentiary sufficiency review, we may not
re-evaluate the weight and credibility of the evidence and substitute our
judgment for that of the factfinder.  Williams v. State, 235 S.W.3d 742,
750 (Tex. Crim. App. 2007).  Instead, we Adetermine
whether the necessary inferences are reasonable based upon the combined and
cumulative force of all the evidence when viewed in the light most favorable to
the verdict.@  Hooper v. State, 214 S.W.3d 9,
16–17 (Tex. Crim. App. 2007).  We must presume that the factfinder resolved any
conflicting inferences in favor of the verdict and defer to that resolution.  Jackson,
443 U.S. at 326, 99 S. Ct. at 2793; Isassi, 330 S.W.3d at 638.  The
standard of review is the same for direct and circumstantial evidence cases;
circumstantial evidence is as probative as direct evidence in establishing the
guilt of an actor.  Isassi, 330 S.W.3d at 638; Hooper, 214 S.W.3d
at 13.

IV.  Sufficiency
of the Evidence

Hazard
argues in her sole issue that, although sufficient evidence linked her to a
small portion of the methamphetamine found in her house, legally insufficient evidence
exists that she exercised actual care, custody, control, and management over
the larger quantity of methamphetamine found in a refrigerator in a bedroom
used by her sister.    

To
support Hazard’s conviction, the State had to show that she intentionally or
knowingly “possessed” between four and 200 grams of methamphetamine.  See
Tex. Health & Safety Code Ann. § 481.115(a), (d) (West 2010).  To prove
possession, the State was required to show that Hazard (1) exercised actual
care, custody, control, or management over the substance and (2) knew that the
matter possessed was contraband.  See Poindexter v. State, 153 S.W.3d
402, 405 (Tex. Crim. App. 2005); see also Tex. Health & Safety Code
Ann. § 481.002(38) (West 2010).

When
the accused does not have actual possession of the controlled substance or
exclusive possession of the locale where the controlled substance was found, it
cannot be concluded or presumed that the accused had possession over the
contraband unless there are additional independent facts or circumstances that
tend to connect or link the accused to the knowing possession of the
contraband.  Poindexter, 153 S.W.3d at 406.  This is because, whether
the evidence is direct or circumstantial, it must establish that the defendant’s
connection with the contraband was more than fortuitous.  Evans v. State,
202 S.W.3d 158, 161 (Tex. Crim. App. 2006).  The “affirmative links rule” is
designed to protect the innocent bystander from conviction based solely upon her
fortuitous proximity to someone else’s drugs.  Poindexter, 153 S.W.3d at
405–06.

Relevant
non-exclusive links tending to connect the defendant to knowing possession
include (1) whether the defendant was present when the search was conducted;
(2) whether the contraband was in plain view; (3) whether the narcotic was in
close proximity to and accessible by the defendant; (4) whether the defendant
was under the influence of narcotics when arrested; (5) whether the defendant
possessed other contraband or narcotics when arrested; (6) whether the defendant
attempted to flee; (7) whether the defendant made furtive gestures; (8) whether
there was an odor of contraband; (9) whether other contraband or drug
paraphernalia was present; (10) whether the accused owned or had the right to
possess the place where the drugs were found; (11) whether the place where the
drugs were found was enclosed; (12) whether the accused was found with a large
amount of cash; and (13) whether the conduct of the accused indicated a
consciousness of guilt.  Evans, 202 S.W.3d at 162 n.12; Isbell v.
State, 246 S.W.3d 235, 238 (Tex. App.—Eastland 2007, no pet.).  It is not
the number of links that is dispositive but the logical force of all of the
evidence.  Evans, 202 S.W.3d at 162.

Here,
Hazard was present when the search warrant was executed, methamphetamine was
found in plain view in her bedroom, she admitted to Investigator Luckie that
she had used methamphetamine just before the officers arrived, Investigator
Luckie saw fresh track marks on her arm, the odor of methamphetamine was
present in Hazard’s home, she possessed a $100 bill that a confidential
informant had just used to purchase methamphetamine at her house, and Hazard
admitted to Investigator Luckie that she knew drugs were in her house and were
being sold from her house.

Hazard
complains on appeal that evidence at trial showed that she “had mostly been
staying in a motor home, away from the house,” that she was renting her house
to Mann, and that “it is also logical” to believe that Hazard was receiving
rent from Mann as an explanation for why Hazard was in possession of the documented
$100 bill.  Hazard further points to statements made by Investigator Luckie
during Hazard’s interview that he believed the larger amount of methamphetamine
belonged to the others in the house.  However, viewing all of the evidence in
the light most favorable to the prosecution, as we must, a rational jury could
have found beyond a reasonable doubt that Hazard intentionally or knowingly
possessed the 27.63 grams of methamphetamine found in her house.  See
Jackson, 443 U.S. at 319, 99 S. Ct. at 2789; Clayton v. State, 235
S.W.3d 772, 778 (Tex. Crim. App. 2007); Evans, 202 S.W.3d at 162 n.12.  Accordingly,
we hold that the evidence is sufficient to support Hazard’s conviction, and we
overrule her sole issue.

V.  Conclusion

          Having
overruled Hazard’s sole issue, we affirm the trial court’s judgment.

 

 

SUE WALKER
JUSTICE

 

PANEL: 
DAUPHINOT,
GARDNER, and WALKER, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  January 5, 2012









[1]See Tex. R. App. P. 47.4.